# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Brent Ernst Hansen*
Case No. 1:18-cr-00003-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Brent Ernst Hansen's Motion for Early Termination of Supervised Release (the "Motion").[1] The Motion is unopposed by the United States Probation and Pretrial Services Office ("USPO"),[2] opposed by Plaintiff United States of America (the "Government"),[3] and ripe for resolution.

Hansen moves for early termination of his supervised release on the basis of his completion of two-thirds of his three-year term of supervised release, compliance with the conditions of supervised release, and continued sobriety and employment.[4] Specifically, Hansen highlights that he has made significant strides in a new career after successfully completing truck driving school.[5] As a truck driver, Hansen has "been deployed to many of the large and devastating wildfires in California over the past year."[6] Hansen notes that although he "has [two] prior charges related to firearms," he never "threaten[ed] or brandish[ed] a weapon" in either instance.[7] Hansen requests the Court terminate his supervision "because he no longer requires the resources that supervision can offer him" and "wants to move to Oregon to be closer to his son" and pursue lucrative professional opportunities as a truck driver and, potentially, a firefighter.[8]

USPO does not oppose the Motion.[9] USPO reports that Hansen "has complied with drug testing and all tests have been negative," and has consistently "reported as directed" with no issues during home visits.[10] In addition, USPO notes that Hansen has "completed substance abuse treatment," "received vocational training and a certificate for truck driving," and "maintained stable housing and employment in the community."[11] Although USPO recognizes that Hansen "has a

---

[1] Dkt. 56 (Motion).
[2] Dkt. 58 (USPO Memorandum).
[3] Dkt. 57 (Opposition).
[4] Dkt. 56 at 2–4.
[5] *Id.* at 2; Dkt. 56-1 (Exhibits).
[6] Dkt. 56 at 3.
[7] *Id.*
[8] *Id.*
[9] Dkt. 58.
[10] *Id.*
[11] *Id.*

1

considerable history of felony convictions," USPO also recognizes that "he has put effort into his rehabilitation and reintegration into society."[12]

The Government, however, opposes the Motion based on its assessment of the 18 U.S.C. § 3553(a) factors.[13] The Government asserts that Hansen "has been convicted of seven [] felonies prior to the underlying conviction before this court," some of which involved the possession of illegal firearms and ammunition.[14] The Government contends that Hansen's status as a felon and his previous drug use provide additional bases for denying the Motion. Nevertheless, the Government also recognizes "the progress that the defendant has made in the two years under supervised release."[15]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised released . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court agrees with USPO and Hansen, concluding that early termination of his supervised release is warranted at this time.

Accordingly, the Court **GRANTS** the Motion at Docket 56. FURTHER, it is hereby **ORDERED** that Hansen's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 29, 2022.

---

[12] *Id.*
[13] Dkt. 57.
[14] *Id.* at 3.
[15] *Id.* at 5.

2

Case 1:18-cr-00003-TMB   Document 59   Filed 11/29/22   Page 2 of 2